**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-30001 |
| Plaintiff - Appellee, | D.C. No. 6:11-cr-60048-AA-1 |
| v. | |
| JOSEPH ANTHONY LACOSTE, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, Chief District Judge, Presiding

Argued and Submitted March 11, 2016
Portland, Oregon

Before: BERZON and WATFORD, Circuit Judges, and WALTER,[**] Senior
District Judge.

**1.** The government did not breach its plea agreement with defendant Joseph

LaCoste. *See United States v. Heredia*, 768 F.3d 1220, 1231–34 (9th Cir. 2014).

The government advocated for the agreed-upon 36-month sentence both in its

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The Honorable Donald E. Walter, Senior District Judge for the U.S.
District Court for the Western District of Louisiana, sitting by designation.

sentencing memorandum and at the sentencing hearing. The prosecutor articulated multiple, relevant reasons why the court should impose the agreed-upon sentence, and he expressly challenged the bases for the Probation Office's higher recommendation, arguing that the government could not prove facts to support the Probation Office's higher loss figure and that LaCoste's offense conduct did not involve the use of sophisticated means. Even defense counsel acknowledged that, in light of these representations, the government "satisfie[d] the agreement [the parties] entered into." Regardless of whether LaCoste waived this claim, it fails.

2. The district court did not improperly restrict the statements of LaCoste's character witnesses at the sentencing hearing. The district court did not preclude the defense witnesses from offering whatever relevant information they wished to provide; it merely admonished them not to make further disparaging comments about one of the victims of LaCoste's scheme who had just testified to the impact of LaCoste's crimes on her. Nor did the court violate Federal Rule of Criminal Procedure 32(i)(1)(B) by failing to disclose to the defense the materials the court reviewed prior to sentencing. The letters about which LaCoste now complains were written by his supporters, and some of them were submitted to the court by LaCoste's own lawyer, albeit apparently without his reviewing them first. The record contains nothing to support LaCoste's contention that, in arriving at the

sentence it imposed, the district court relied on detrimental information that defense counsel was deprived of an opportunity to review.

3.  Sufficient evidence supports the imposition of a leadership role enhancement under U.S.S.G. § 3B1.1(c).  The Probation Office reported that LaCoste made all major financial decisions at the investment firm and controlled both the firm's expenditures and its activities related to his fraud.  The Probation Office also noted that LaCoste exercised operational authority over various participants in carrying out his fraud.  The district court was free to accept these assertions, which suffice to support the leadership role enhancement.  *Cf. United States v. Whitney*, 673 F.3d 965, 975–76 (9th Cir. 2012).  And because the evidence showed "that the defendant exercised some control over others involved in the commission of the offense or was responsible for organizing others for the purpose of carrying out the crime," the court was not required to make express factual findings in support of the enhancement.  *Id.* at 975 (quoting *United States v. Ingham*, 486 F.3d 1068, 1074 (9th Cir. 2007)).

These aspects of the district court's decision are **AFFIRMED.**